IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-08GPM |
| | ) | |
| DONALD HULICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and monetary relief for alleged violations of his Eighth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that Defendant Reed slammed his arm in the "church hole" part of Plaintiff's cell door, that Reed beat him while he was handcuffed, and that Reed was deliberately indifferent to the serious medical injuries Plaintiff suffered as a result of this alleged attack. Plaintiff also alleges that he requested a transfer from Defendant Hulick because he received "constant threats from the vice lords" since he renounced his gang affiliation. Plaintiff states that he filed a grievance with Defendant Funk but the grievance was denied.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **2** counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendant Reed for depriving Plaintiff of his Eighth Amendment rights by using excessive force on Plaintiff and by denying Plaintiff adequate medical care for Plaintiff's injuries
>
> **COUNT 2:** Against Defendants Hulick and Funk for failing to adequately protect Plaintiff from harm inflicted by other inmates in violation of Plaintiff's Eighth Amendment rights.

**DISCUSSION**

**A. Claims against Defendant Reed.**

Plaintiff's claims that Defendant Reed used excessive force against him and denied Plaintiff adequate medical care for his injuries survives threshold review under § 1915A and will not be dismissed at this time.

**B. Claims against Defendants Hulick and Funk**.

Plaintiff's claims against Defendants Hulick and Funk, however, will be dismissed pursuant to § 1915A. Plaintiff has no constitutional right to be confined in a specific prison or to be transferred from a particular prison. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

Plaintiff does have an Eighth Amendment right to be protected from attacks at the hands of other inmates. To establish an Eighth Amendment failure to protect claim, however, Plaintiff must demonstrate (1) that he suffered an objectively sufficiently serious injury and (2) that he was incarcerated under conditions imposing a sufficient risk of serious harm. *Borello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). While Plaintiff need not suffer an actual attack to secure *prospective* relief on a claim that prison officials have failed to adequately protect him from other inmates, *Farmer v. Brennan*, 511 U.S. 825, 845 (1994), Plaintiff must allege facts indicating that he is incarcerated under conditions imposing a sufficient risk of serious harm. In this case, Plaintiff alleges only (1) that he was a former gang member; (2) that members of a gang have made threats against him; and (3) that he was denied a transfer to another institution. Standing alone, these allegations do not indicate that the Defendants have failed to adequately protect Plaintiff. The Court takes notice that it is not unusual for inmates to be confined in the same institutions with their enemies. Prison officials have a great deal of discretion in dealing with the security issues that arise from that fact. Transferring an inmate to another institution – away from his enemies – is one possible response to the situation, but it is not the only response that prison officials can make. Put simply, Plaintiff has not alleged any facts indicating that the security situation at Menard is so

deficient that transfer to another institution is the *only* constitutional way that he can be protected from attacks. Therefore, Count 2 of the complaint is dismissed.

### SUMMARY

**IT IS HEREBY ORDERED** that Count 2 of the complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A. This dismissal counts as one of Plaintiff's 3 "strikes" pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that because there are no claims currently pending against them, Defendants Hulick and Funk are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **Reed** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk of Court is **DIRECTED** to send Plaintiff 1 USM-285 form with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **FURTHER DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **Reed**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **Reed** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the

Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 03/23/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge