IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM WARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **09-8-GPM** |
| | ) | |
| **DONALD HULICK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

At this juncture, T. Reed is the only remaining defendant. Defendant Reed is before the Court seeking summary judgment on the sole remaining claim, Count 1. **(Doc. 26.)** The defendant argues that plaintiff William Ward has failed to exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). The defendant has filed a memorandum in support of his position **(Doc. 27)**; plaintiff has filed a response in opposition **(Doc. 29)**, to which defendant filed a reply **(Doc. 30)**; and an evidentiary hearing was conducted. This resulting Report and Recommendation is respectfully submitted to United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B).

## The Claim

At this juncture, only Count 1 remains. Plaintiff alleges that on September 13, 2008, defendant Reed deprived plaintiff of his Eighth Amendment rights by using excessive force on plaintiff and by denying plaintiff adequate medical care for his injuries. **(Doc. 11, p. 2;** *see also* **Doc. 1.)**

## The Arguments Presented

The defendant argues that plaintiff failed to exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). **(Docs. 26 and 27.)** Put succinctly, defendant contends that no grievance concerning the issue(s) in this case was pursued in proper sequence through the full administrative process. The defendant supports his position with the affidavit of Jackie Miller, Chairperson of the Illinois Department of Corrections Administrative Review Board ("ARB"). **(Doc. 27-1, pp. 1-4.)** According to Miller, a review of ARB records was performed for grievances filed by plaintiff regarding defendant Reed and the issues raised in Count 1. The search did not uncover any exhausted grievance meeting the aforementioned criteria, but various grievances, letters and other related documentation was uncovered and is submitted to the Court for review. **(Doc. 27-1, pp. 4-21.)**

Plaintiff counters by submitting documentation and asserting that he sent copies of his grievance to his counselor, the warden and the Administrative Review Board (among others), but when he did not receive a response, he filed suit. **(Doc. 29, pp. 2-4 and 7.)** Plaintiff further argues that the exhaustion requirement does not apply to certain issues, including the alleged use of excessive force and denial of medical care. **(Doc. 29, pp. 4 and 7.)**

## The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999), clarified that exhaustion of administrative remedies under Section 1997e(a)– while not jurisdictional *per se*– is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. The exhaustion requirement applies to all claims "about prison life." ***Porter v. Nussle,* 534 U.S. 516, 532 (2002).**

Significantly, exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. **See 42 U.S.C. § 1997e(a);** *Perez,* **182 F.3d at 535-536.** In other words, an inmate cannot file suit and then exhaust his administrative remedies while suit is pending. ***Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004).**

The Supreme Court has held that exhaustion means "proper exhaustion," that is, the inmate must file a timely grievance using the procedures put in place by the prison system, properly taking each step in the process. ***Woodford v. Ngo,* 548 U.S. 81 (2006);** *Pozo v. McCaughtry,* **286 F.3d 1022, 1024 (7th Cir. 2002).** The law of the Seventh Circuit emphasizes that the purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims administratively/internally, prior to federal litigation. *See, e.g., Kaba v. Stepp,* **458 F.3d 678, 684 (7th Cir. 2006);** *Dole v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006);** *see also Porter v. Nussle,* **534 U.S. 516, 524-525(2002).**

Illinois Department of Corrections regulations regarding the procedures inmates must follow are set forth in the Illinois Administrative Code (20 Ill.Admin.Code § 504.810 *et seq*. (effective May 1, 2003, through all times relevant to this case); *see also* Doc. 39-1, p. 1). Those

3

procedures first require an inmate to attempt to resolve grievances through his counselor.  **20 Ill. Admin. Code § 504.810(a).**  If that step is unsuccessful, the inmate may file a written grievance on a specified form within 60 days of discovery of the incident or problem giving rise to the grievance unless good cause can be shown for extending that period.  *Id.*  The grievance form must be addressed to the grievance officer and "deposited in the living unit mailbox or other designated repository."  **20 Ill. Admin. Code § 504.810(b).**  The grievance should "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint."  *Id.; contra Santiago v. Walls*, No. 07-1219, at *8 , 2010 WL 1170654 (7th Cir. March 29, 2010) **("With respect to the grievance, neither this court nor any American court has imposed the requirement of fact or code pleading on such a document.  The purpose of a grievance is, quite simply, to advise prison management of a situation that could harm the good order and discipline of the institution so that remedial steps can be taken by the officer who is responsible for such remedies.")**

      The grievance officer provides the initial review of grievances.  **20 Ill. Admin. Code § 504.830(a).**  If the grievance is found to have no merit, the regulations (20 Ill. Admin. Code § 504.830(d)) direct the grievance officer to consider the grievance and report findings and recommendations to the highest ranking official of a correctional facility, i.e. the warden.  **20 Ill. Admin. Code § 504.802.**  The warden then advises the inmate of his or her decision within two months where reasonably feasible.  **20 Ill. Admin. Code § 504.830(d).**

      If the inmate is not satisfied with the warden's decision, he may appeal in writing to the director of the Illinois Department of Corrections within 30 days.  **20 Ill. Admin. Code §**

**504.850(a).** After reviewing the grievance and the responses by the grievance officer and the warden, the director decides whether the grievance: (a) requires a hearing before the Administrative Review Board ("ARB"); (b) is without merit; or (c) can be resolved without a hearing. **20 Ill. Admin. Code § 504.850(b).** If the grievance proceeds to a hearing, the ARB submits a written report to the director who reviews the findings and recommendations of the ARB and makes a final determination within six months. **20 Ill. Admin. Code § 504.850(b)-(f).** Failure to exhaust administrative remedies is an affirmative defense; the defendant correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006);** *Dale v. Lappin,* **376 F.3d 652, 655 (7th Cir. 2004).** A remedy is "available" if the administrative procedure can lead to some relief, even if it is not the precise relief the inmate wants. *See Booth v. Churner,* **532 U.S. 731, 741 and f n. 6 (2001);** *Larkin v. Galloway,* **266 F.3d 718, 723 (7th Cir. 2001).** "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use *affirmative misconduct* to prevent a prisoner from exhausting." *Dole v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006) (emphasis added) (citing** *Lewis v. Washington,* **300 F.3d 829, 833 (7th Cir. 2002); and** *Dale v. Lappin,* **376 F.3d 652, 656 (7th Cir. 2004).**

In *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), the Seventh Circuit delineated a three-step process for cases in which exhaustion is contested.

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no

>unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* **at 742.**

Summary judgment is appropriate if the evidence shows that "there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Greeno v. Daley,* **414 F.3d 645, 652 (7th Cir. 2005).** Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather, they must "establish affirmatively" that the evidence is so one-sided that no reasonable fact-finder could find that plaintiff exhausted or was prevented from exhausting his administrative remedies. *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.,* **971 F.2d 37, 42 (7th Cir. 1992);** *see Branham v. Snow,* **392 F.3d 896, 906-907 (7th Cir. 2004).** As noted above, *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), permits the Court to make findings of fact relative to the exhaustion issue, even though those factual findings do not bind the jury later at trial. Therefore, summary judgment will not be avoided merely because there may be a question of fact; the Court is the fact finder at this juncture.

**Proposed Findings of Fact**

On September 13, 2008– the date of the alleged incident at issue in this action– plaintiff Ward submitted to his counselor a grievance regarding defendant Reed's use of excessive force and subsequent failure to get plaintiff medical care, and requesting transfer to another institution. **(Doc. 29-1, p. 1.)** The counselor denied the grievance on October 7, 2008. **(Doc. 29-1, pp. 1 and 9 [1].)** While awaiting the counselor's response to the September 13 grievance, plaintiff attempted to address Reed's alleged acts and secure a transfer through other channels.

On September 17, 2008, plaintiff submitted another grievance directly to the ARB. **(Doc. 27-1, p. 12.)** On that same date, plaintiff also addressed a letter "To whom it may concern," regarding Reed's alleged acts; the letter was received by the Office of Inmate Issues– a.k.a. the ARB. **(Doc. 27-1, pp. 7-10;** *see generally* **Doc. 27-1, p. 4 (a document stamped "received" by the Office of Inmate Issues is acknowledged by Chairwoman Miller as received by the ARB).)** The ARB denied plaintiff's grievance on September 19, 2008, because plaintiff did not include the responses of a counselor, grievance officer and warden. **(Doc. 27-1, p. 11,** *see also* **Doc. 27-1, pp. 3-4.)** Yet another presentment of the issue was similarly denied on September 24, 2008.[2] **(Doc. 27-1, p. 17;** *see also* **Doc. 27-1, p. 4.)**

---

[1]Although the exhibits submitted by defendant do not include the counselor's response **(***see* **Doc. 27-1, p. 6)**, defendant did not contest that the counselor's response submitted by plaintiff is authentic.

[2]Whether the ARB's September 24, 2008, denial was in response to a proper grievance or the plaintiff's September 17, 2008, letter is not clear, but that particular factual detail is immaterial to the exhaustion issue.

7

On October 1, 2008, after not receiving a response to the September 13 grievance, plaintiff addressed another letter "To whom it may concern" regarding Reed's alleged acts and his efforts to secure a transfer.[3]  **(Doc. 27-1, pp. 18-10; Doc. 29-1, pp. 10-12.)**  The letter was returned to plaintiff by the ARB because plaintiff did not include the responses of a counselor, grievance officer and warden. **(Doc. 27-1, p. 4.)**

After plaintiff received the denial of the September 13 grievance, he submitted a grievance on October 8, 2008, to his counselor regarding the denial of the September 13 grievance. **(Doc. 29-1, p. 9.)**  On October 15, 2008, plaintiff's counselor denied the grievance about the denial of the September 13 grievance. **(Doc. 29-1, p. 9.)**

This civil rights action pursuant to 42 U.S.C. § 1983 was filed November 25, 2008. **(Doc. 1.)**  Almost one full year later, on November 12, 2009, plaintiff filed another grievance regarding Reed's alleged acts, and requesting placement in protective custody and/or transfer to a different facility. **(Doc. 29-1, p. 2.)**  A counselor denied the grievance on November 17, 2009. **(Doc. 29-1, p. 2.)**

At the evidentiary hearing, defendant generally rested on his brief.  Similarly, plaintiff's testimony mirrored his brief, although plaintiff stressed that the issue was an emergency. Defendant countered that plaintiff had not checked the "emergency" box on the grievance forms.

---

[3] Plaintiff submits a letter dated October 26, 2009, from Sandra Funk, Acting Manager of the Transfer Coordinator's Office, referencing the recent receipt of correspondence and the denial of plaintiff's transfer request. **(Doc. 29-1, p. 13.)**  This response letter obviously does not pertain to any correspondence submitted a year earlier.  In any event, plaintiff's correspondence in September and October 2008 is irrelevant to the exhaustion issue, as the prescribed administrative procedures do not provide that correspondence may be substituted for a grievance.

**Analysis and Proposed Conclusions of Law**

From plaintiff's perspective, his counselor's failure to promptly respond to the September 13, 2008, grievance rendered the administrative process unavailable.

An inmate must file a "formal" grievance with his grievance officer within 60 days of discovery of the incident or problem giving rise to the grievance. A counselor's unexplained delay in responding to the "informal" grievance would appear to render the administrative remedy unavailable, since the "informal" grievance is a prerequisite to the "formal" grievance. Although there is no prescribed deadline for a counselor to act on an "informal" grievance, it is axiomatic that the counselor should act in less than 60 days, so the inmate could file a "formal" grievance by the 60th day. Plaintiff submitted his initial grievance on September 13, 2008, the same day as the alleged incident. The counselor responded on October 7, 2008– less than a month later, and far less than the 60 days allotted for formally initiating a grievance. Therefore, there is no basis for saying that the administrative process was unavailable. Plaintiff never submitted the grievance to a grievance officer, the next step in the prescribed sequential process, and he has not offered any explanation for not doing so. The Supreme Court has held that exhaustion means "proper exhaustion," that is, the inmate must file a timely grievance using the procedures put in place by the prison system, properly taking each step in the process. ***Woodford v. Ngo,* 548 U.S. 81 (2006); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002).** Thus, plaintiff procedurally defaulted exhaustion of the September 13, 2008, grievance.

Similarly, plaintiff's October 8, 2008, grievance was denied by a counselor in a week's time, but plaintiff never submitted the grievance to a grievance officer, the next step in the prescribed sequential process, and he has not offered any explanation for not doing so. Therefore,

the October 8, 2008, grievance was procedurally defaulted.

Plaintiff's attempts to submit his grievance directly to the ARB, the warden, the governor and others did not comport with the prescribed procedures, and plaintiff has not offered any explanation for why he repeatedly failed to properly pursue a grievance, even after repeatedly receiving notice of the correct way to proceed. Plaintiff's efforts to exhaust administrative remedies in November 2009 were *after* this action was initiated, which is too late, per *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999). Therefore, in accordance with *Woodford v. Ngo,* 548 U.S. 81 (2006), and *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002), plaintiff has failed to exhaust administrative remedies relative to his claim(s) against defendant Reed, as required by 42 U.S.C. § 1997e(a).

## **Recommendation**

For the aforestated reasons, it is the recommendation of the undersigned Magistrate Judge that the defendants' motion for summary judgment **(Doc. 26)** be granted in all respects due to plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). If the Court adopts the recommendation, Counts 1against defendant Reed would be dismissed without prejudice, and at that juncture entry of final judgment in this action would be appropriate, as all claims against all defendants would be resolved.

**DATED: May 27, 2010**

                                      **s/ Clifford J. Proud**
                                      **CLIFFORD J. PROUD**
                                      **U. S. MAGISTRATE JUDGE**

## **Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) <u>and</u> Federal Rule of Civil Procedure 6(d), the parties shall file (meaning receipt by the Clerk of Court) any objections to this report and recommendation on or before **June 14, 2010**.  <u>No</u> extensions will be granted.