IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WARD, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-008-GPM |
| | ) |
| TERRY REED, | ) |
| | ) |
|         Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Clifford J. Proud (Doc. 49), recommending that the motion for summary judgment for failure to exhaust administrative remedies filed by Defendant Terry Reed (Doc. 26) be granted. The Report and Recommendation was entered on May 27, 2010. Plaintiff filed his objections thereto on June 7th, and Defendant responded to the objections on June 18th.

      Plaintiff, an inmate at the Mendard Correctional Center (Menard), filed this case under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Illinois on November 25, 2008; the case was transferred to this district on January 5, 2009.[1] Plaintiff claims that on September 18, 2008, Defendant Terry Reed, a correctional officer at Menard, deliberately slammed Plaintiff's left arm in the chuck hole of Plaintiff's cell door, beat Plaintiff while handcuffed, and thereafter denied Plaintiff medical treatment for his resulting injuries. Plaintiff alleges that

---

[1] Plaintiff also sued Donald Hulick and Sandy Funk, but the claims against those defendants were dismissed on threshold review under 28 U.S.C. § 1915A (*see* Doc. 11).

Defendant Reed violated Plaintiff's Eighth Amendment rights by using excessive force and denying Plaintiff adequate medical care.

Defendant Reed filed a motion for summary judgment to challenge whether Plaintiff properly exhausted his administrative remedies. In accordance with the dictates of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Proud held a hearing on Defendant's motion (*see* Doc. 47). Following the *Pavey* hearing, Magistrate Judge Proud issued the Report and Recommendation currently before this Court.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part) (emphasis added). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

The Report and Recommendation clearly outlines the basic factual and procedural background of this case, the arguments presented, the applicable law, and the administrative requirements. Therefore, this Court will address only those facts to which Plaintiff has lodged a specific objection. There is no question that Plaintiff submitted an informal grievance to his

counselor on September 13, 2008 – the date of the alleged incident. The counselor denied the grievance on October 7, 2008. But Plaintiff was impatient. Rather than awaiting resolution with the counselor and then, if necessary, filing a written grievance on the proper form with the grievance officer within 60 days of the incident as required by the Illinois Administrative Code, Plaintiff submitted two grievances dated September 17, 2008, directly to the Administrative Review Board (ARB). Both grievances were returned to Plaintiff because they did not include his counselor's response on the form provided to the counselor – DOC 0046 – and did not include a formal grievance form – DOC 0047 – with responses by the grievance officer and Chief Administrative Officer (CAO), as required. Plaintiff sent a letter dated October 1, 2008, to "whom it may concern," which was received by the Office of Inmate Issues on October 6th.[2] The letter was returned to Plaintiff because he did not use the designated grievance form and failed to include the counselor's, grievance officer's, or CAO's responses. Plaintiff filed this federal lawsuit less than 75 days after the alleged incident and now claims that he did all he could do to exhaust his administrative remedies.

     Plaintiff's objections to the Report and Recommendation focus on the administrative provision allowing an inmate to request that a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer, and if the CAO determines that there is a substantial risk of imminent personal injury or other serious

---

[2] The Office of Inmate Issues and the Administrative Review Board (ARB) appear to be interchangeable, for these purposes. All relevant forms submitted, received, and returned to Plaintiff by the ARB were received-marked by the Office of Inmate Issues (*see* Doc. 27-1, Exs. A-E).

or irreparable harm to the inmate, the grievance may be handled on an emergency basis.[3] Any appeal of the CAO's decision in this situation is made to the ARB. Plaintiff sent a *letter* "to whom it may concern." Even if his intent was to send it to the CAO as an emergency grievance, he did not submit any sort of grievance form. The only forms in the record are generically noted as DOC 0046, which gets submitted to a counselor. Plaintiff never submitted a form DOC 0047 to a grievance officer – or to anybody, for that matter. The purpose of the formal grievance process is to allow a grievance officer to investigate the grievance. No such investigation happened because Plaintiff bypassed the grievance officer step. It is well settled that administrative remedies are deemed "unavailable" when prison officials fail to respond to inmate grievances. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). But prison officials must be given a *chance* to act on grievances. The forms that Plaintiff did submit to his counselor and to the ARB were: (1) forms used to submit grievances to counselors (i.e., DOC 0046) and (2) not marked as emergency grievances. Plaintiff has several problems. In order to appeal a non-emergency grievance to the ARB, an inmate must include his formal grievance form – i.e. the Committed Person's Grievance Report, DOC 0047 – and include the grievance officer's and the CAO's response. Alternatively, in order to submit an emergency grievance to the CAO, it must be on a proper form (i.e., not a letter) and marked as an emergency.

   The letter that Plaintiff sent "to whom it may concern" is telling. He begins by describing the two grievances that he wrote and briefly describes the incident with Defendant Reed. He concludes by stating:

---

[3]This emergency grievance provision is distinct from that allowing grievances to be filed directly with the Administrative Review Board in specific situations.

> Therefore I am requesting a transfer to Stateville Correctional Center. I don't feel safe here at Menard because not only do I have to worry about being attacked by the vice lords. But I also have to worry about being assaulted by the staff here at Mendard. My attorney has already been notified about these incidents. He told me that if I am not transfered [sic] from Menard by October 31st to write him back. And he will go down town Chicago to file a federal law suit at 219 S. Dearborn against Mendard Correctional Center and the Illinois Department of Corrections for negl[i]gence. Also I have already notified the institution that if I am not transfered [sic] by 10-31-08 that I will be going on a hunger strike. Please get back to me at your earliest convenience.

(Doc. 50, p. 6). The alleged incident occurred on September 13, 2008. Plaintiff wrote a letter (for our purposes) to the ARB threatening legal action and a hunger strike if he was not transferred to another facility by October 31, 2008. This can hardly be viewed as an inmate who tried to resolve his grievance through the appropriate channels before filing this action. During the *Pavey* hearing, Plaintiff argued:

> I'm only required to file a complaint and let the institution know about the current situation, which was the assault of Sergeant Terry Reed on myself. I'm only required to file a grievance and a complaint with them, and once I filed the complaint, then it's up to the administration to resolve the matter. But I have done as I am required to, Your Honor, by the Federal Rules of Civil Procedure 56 in filing these grievances, Your Honor. I've brought this matter to the attention of the counselor at the institution level, and I brought it to the ARB board's attention, Your Honor, so therefore I have exhausted all my administrative remedies.

(Doc. 51 at 11:10-20). But Plaintiff did not allow an institutional-level review; he attempted an informal resolution through the prison counselor and then jumped to the Department of Corrections level. He never filed a formal grievance form and submitted it to a grievance officer for an investigation and report, as he was required to do. Therefore, he failed to properly exhaust his administrative remedies.

For these reasons, the Court **ADOPTS** Magistrate Judge Proud's Report and

Recommendation (Doc. 49),[4] and Defendant Reed's motion for summary judgment based on exhaustion of administrative remedies (Doc. 26) is **GRANTED**. The Court is uncertain whether the prison officials will accept further grievances on this incident (as they likely will be deemed untimely), but this Court will not foreclose the opportunity to do so. Accordingly, Plaintiff's claims against Defendant Reed are **DISMISSED without prejudice**. Because Plaintiff's claims against all Defendants have been resolved in this action, the Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket. The other outstanding motions are **DENIED as moot**.

    **IT IS SO ORDERED.**

    DATED: 09/13/10

                                                  s/ *G. Patrick Murphy*
                                                  G. PATRICK MURPHY
                                                  United States District Judge

---

[4]The Court agrees with the findings, analysis, and conclusions of Magistrate Judge Proud.